J-A27018-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK FELDER, | : | |
| | : | |
| Appellant | : | No. 382 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 18, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007351-2017

BEFORE:  BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:
**FILED FEBRUARY 13, 2020**

I join the entirety of the Majority's memorandum except as to its analysis regarding the admission of the 911 call.

"Relevance is the threshold for admissibility of evidence; evidence that is not relevant is not admissible." ***Commonwealth v. Leap***, ____ A.3d ___, 2019 WL 5483726 (Pa. Super. 2019), *citing **Commonwealth v. Cook***, 952 A.2d 594, 612 (Pa. 2008) *and* Pa.R.E. 402.

> In determining the admissibility of evidence, the trial court must decide whether the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact.

***Commonwealth v. Hawk***, 709 A.2d 373, 376 (Pa. 1998) (citations and quotation marks omitted).

* Retired Senior Judge assigned to the Superior Court.

Instantly, the motions court's ruling regarding the admissibility of specific portions of the 911 call is unclear from the record. *See* N.T., 11/7/2018, at 3-8. However, from what I can glean, the motions court admitted portions of the 911 call "to show the effect on the listener but not [for] the truth[ of the matter]." Majority at 17 (quoting N.T., 11/7/2018, at 3-8). However, the effect on the listener does not tend to make a fact at issue, *i.e.* whether Appellant committed the charged crimes, more or less probable. As such, the evidence as admitted by the motions court is irrelevant, and therefore inadmissible.

For the 911 call to be relevant and admissible, it must therefore be offered for the truth of the statements therein. However, because a 911 call constitutes hearsay evidence, it is only admissible when being offered for the truth of the matter if it falls within an exception to the rule against hearsay. *See, e.g., Commonwealth v. Hood*, 872 A.2d 175 (Pa. Super. 2005); *Commonwealth v. Cunningham*, 805 A.2d 566 (Pa. Super. 2002).

In the instant case, the motions court found that the 911 call was not admissible under the excited utterance exception because the 911 caller, Dasia Hernandez, did not observe the shooting. *See* Majority at 17. I find that conclusion erroneous. To be admissible under the excited utterance exception, there is no requirement that the declarant observe a shooting. Rather, the declarant must make a statement related to "a startling event or condition made while the declarant was under the stress of excitement

- 2 -

caused by the event or condition." Pa.R.E. 803(2).[1] Certainly, Hernandez's hearing several gunshots, watching the victim collapse, and witnessing Appellant rifling through the dead victim's pockets was a startling event for her. Moreover, the stress of that excitement continued as she feared for her life while following Appellant as he fled.

As such, I would hold that the 911 call was admissible as an excited utterance, and affirm on that basis.[2]

Judge Bowes joins in the concurring memorandum.

---

[1] Because the 911 caller in the instant case was identified, the additional proof requirement for excited utterances by unidentified bystanders was not applicable. **See Hood**, 872 A.2d at 181-82.

[2] This Court may affirm a lower court's decision on any grounds. **See Commonwealth v. Gatlos**, 76 A.3d 44, 62 n.14 (Pa. Super. 2013).